**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4892**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DONALD PATRICK HOOKS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (CR-04-640)

———————

Submitted:  January 5, 2007        Decided:  February 6, 2007

———————

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Matthew M. Robinson, Cincinnati, Ohio, for Appellant.  Reginald I. Lloyd, United States Attorney, Columbia, South Carolina, Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald Patrick Hooks appeals his sentence following his guilty plea, pursuant to a plea agreement, to carjacking, possessing a firearm in furtherance of carjacking, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 2119(1), 924(c)(1)(A), and 922(g) (2000). The district court sentenced Hooks to 169 months' imprisonment. We affirm.

Hooks contends that the district court violated his due process rights, as informed by ex post facto principles, by imposing sentence under United States v. Booker, 543 U.S. 220 (2005), rather than under the mandatory guidelines applicable at the time of his offense. This claim is without merit. We have previously concluded that the retroactive application of the remedial portion of Booker does not violate either due process or ex post facto guarantees. United States v. Davenport, 445 F.3d 366, 369-70 (4th Cir. 2006); United States v. Williams, 444 F.3d 250 (4th Cir. 2006). We therefore reject Hooks' ex post facto claim.

Moreover, a sentence imposed within a properly calculated guidelines range is presumptively reasonable. United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006); see also United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005) (holding that sentence must be "within the statutorily prescribed range and . . . reasonable."). We reject Hooks' contention that this principle

violates <u>Booker</u>.  Here, the district court properly consulted the guidelines and took them into account in determining Hooks' sentence, made all the factual findings appropriate for that determination, considered the sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and imposed a sentence that was within the statutorily prescribed range and reasonable.

We therefore affirm Hooks' conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>